UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20651-Cr-Scola

UNITED STATES OF AMERICA

v.

[3] JUAN CARLOS VELASCO CANO, a/k/a "Cabezon,"

Defendant.
_____/

## FACTUAL BASIS FOR PLEA

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for his violation of 18 U.S.C. § 371. If this matter had proceeded to trial, the United States would have presented evidence that would have proven beyond a reasonable doubt the following:

Beginning at least as early as in and around February 24, 2010, the exact date being unknown and continuing through on or about October 28, 2011, within the Southern District of Florida and elsewhere, [3] JUAN CARLOS VELASCO CANO, a/k/a "Cabezon," did knowingly and willfully combine, conspire, confederate, and agree with Homeland Security Investigations Special Agent Christopher V. Ciccione, II and Jose Bayron Piedrahita Ceballos to: (1) defraud the United States of the honest and faithful services of Ciccione and to interfere with its lawful governmental functions by deceit, craft, and trickery; (2) to knowingly devise and intend to devise a scheme and artifice to defraud and deprive the citizens of the United States of their right the honest services of Ciccione through bribery; and (3) to corruptly influence, obstruct, and impede and endeavor to influence, obstruct, and impede the due administration of justice in *United States*

*v. Blas Antonio Gonzalez, et. al.*, (Indictment #93-470), in the United States District Court for the Southern District of Florida, by using a series of materially false statements, representations, and omissions about the investigation to persuade and attempt to persuade the United States Attorney's Office to dismiss Indictment #93-470.

Specifically, defendant admits that he conspired to bribe Ciccione to use his official position as a Special Agent with Homeland Security Investigations to cause Indictment #93-470 against Piedrahita to be dismissed. Defendant further admits that he served as an intermediary between Piedrahita and Ciccione, arranged for a meeting in Bogota, Colombia, received confidential information from Ciccione about himself and others, and facilitated communication between Piedrahita and Ciccione about the bribery scheme using interstate wires.

For example, on or about July 16, 2010, Velasco informed Piedrahita that he spoke to Ciccione "last night" to ask about "the thing with my friend" and Ciccione replied that he "already asked" and "we can't go around asking like that because they'll be wondering, 'what's going on?' But it will come through, brother. It will come through. And you'll be the first to know."

On or about October 21, 2010, Velasco told Piedrahita that Ciccione said, "…that once he's done doing this favor for me…he's going to Washington…he told me, 'thank god I can do something for you two.'" Velasco told Piedrahita that Ciccione said that "'there's a lot of jealousy and they might go screw you guys…you guys have to be smart' because it's not good for him or for us either." Velasco told Piedrahita that Ciccione was "very advantageous for me."

On or about November 24, 2010, Velasco told Piedrahita to email a copy of his Colombian passport to Ciccione for purposes of attempting to gain entry into the United States. During one of the calls on that date, Velasco told Piedrahita that Ciccione was going to be transferred but wanted to help Piedrahita with his "status" and was "fearful" because there are too many "frogs,"

meaning "snitches." Velasco also told Piedrahita that "[w]e have to pay with another currency," referring to providing Ciccione with payment for his official acts.

On November 28, 2010, Velasco translated what Ciccione told him in English into Spanish for Piedrahita on a three-way conference call. Ciccione told them, "listen, we got a good thing going. I'm just trying to keep any bullshit- remember we talked about people talking shit? I don't know where it's coming from or why, but I'm trying to keep it from causing problems. Cause .. all it does is cause problems." Velasco, in turn, translated what Ciccione said to Piedrahita in Spanish as, "what he doesn't want is for anyone to talk shit because he's going your things, you understand?" "He's telling me he doesn't want anyone interfering or putting the brakes on him because he's taking care of all of your status, man." "So he's pushing now, he doesn't want them to stop him."

In furtherance of the conspiracy, from December 6, through December 9, of 2010, Piedrahita, through Velasco, offered and gave, and Ciccione solicited and accepted, things of value, that is, among other things, cash; an expensive meal at a restaurant in Bogota, Colombia; a party at a Marriott hotel in Bogota, Colombia; liquor; and prepaid prostitutes. In return for these things of value, Ciccione falsified official records, lied to his supervisors and the United States Attorney's Office to cause Indictment #93-470 to be dismissed against Piedrahita and to obtain official authorization for Piedrahita to enter into the United States. On or about October 25, 2011, Ciccione emailed Velasco a copy of the Order of Dismissal of Indictment #93-470 from his personal email address to advise him that Piedrahita's charges were formally dismissed.

Velasco also received confidential information from Ciccione about himself and others. For example, on or about August 11, 2010, Ciccione identified HSI Confidential Source SA-2771-MI as being "one of those guys who gets paid for information" and relayed this information to

Piedrahita. During a November 1, 2010 call, Velasco told Piedrahita that he spoke to "Chris" and that another HSI confidential informant "was naming names." On December 21, 2010, Ciccione emailed Juan Carlos Velasco an excerpt from an official, confidential DEA document that identified the names of two cooperators associated with Velasco and drug trafficking activities.

At trial the government would have proven beyond a reasonable doubt that the defendant is guilty as charged in Count One of the Indictment by presenting physical evidence and documentary evidence such as intercepted wire communications, documents, financial records, and testimony.

Juan Carlos Velasco
Defendant
Dated: 11/3/17

Luke Cass
Trial Attorney
Dated: 11/3/17

Leonard A. Sands, Esq.
Counsel for defendant
Dated: 11-3-2017

Jennifer A. Clarke
Trial Attorney
Dated: 11/3/17

4